IN THE SUPREME COURT OF NORTH CAROLINA

No. 450PA12

FILED 13 JUNE 2013

BARBARA R. DUNCAN

v.

JOHN H. DUNCAN

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 732 S.E.2d 390 (2012), dismissing an appeal from an order entered on 15 October 2007 by Judge Monica Leslie, an order entered on 18 September 2009 and a judgment entered on 2 September 2010 by Judge Steven J. Bryant, and orders entered on 31 March 2008, 4 September 2008, 14 April 2011, and 18 January 2012 by Judge Richard K. Walker, all in District Court, Macon County. Heard in the Supreme Court on 16 April 2013.

*Siemens Family Law Group, by Jim Siemens; and Ruley Law Offices, by Douglas A. Ruley, for plaintiff-appellee.*

*Hyler & Lopez, P.A., by Stephen P. Agan and George B. Hyler, Jr., for defendant-appellant.*

NEWBY, Justice.

Today we clarify the effect of an unresolved request for attorney's fees on an appeal from an order that otherwise fully determines the action. Once the trial court enters an order that decides all substantive claims, the right to appeal commences. Failure to appeal from that order forfeits the right. Because attorney's

fees and costs are collateral to a final judgment on the merits, an unresolved request for attorney's fees and costs does not render interlocutory an appeal from the trial court's order. Accordingly, we reverse the decision of the Court of Appeals.

After filing for divorce from defendant, plaintiff sought alimony and attorney's fees. As a result, the District Court, Macon County, ordered defendant to pay plaintiff alimony in the amount of five hundred dollars per month. With regard to plaintiff's request for attorney's fees, the court "ma[de] no order" and "reserve[d] this issue for later determination." Defendant appealed, but the Court of Appeals reasoned that the outstanding claim for attorney's fees made defendant's appeal interlocutory. *Duncan v. Duncan*, ___ N.C. App. ___, ___, 732 S.E.2d 390, 392 (2012) (citing *Bumpers v. Cmty. Bank of N. Va.*, 364 N.C. 195, 204, 695 S.E.2d 442, 448 (2010)). Because defendant failed to have the order certified as immediately appealable under North Carolina Rule of Civil Procedure 54(b), the Court of Appeals dismissed defendant's appeal as untimely. *Id.* at ___, 732 S.E.2d at 391. We allowed defendant's petition for discretionary review to determine whether defendant's right to appeal had accrued, thus making Rule 54(b) inapplicable. *Duncan v. Duncan*, ___ N.C. ___, 736 S.E.2d 186 (2013).

Upon entry of final judgment in a civil matter, appeals may be taken as of right to the Court of Appeals. N.C.G.S. § 1-277(a) (2011); *id.* § 7A-27(c) (2011). A final judgment " 'generally is one which ends the litigation on the merits.' " *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196, 199, 108 S. Ct. 1717, 1720, 100 L.

Ed. 2d 178, 183 (1988) (citation omitted); *see also Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) ("A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." (citations omitted)). Certification under Rule 54(b) permits an interlocutory appeal from orders that are final as to a specific portion of the case, but which do not dispose of all claims as to all parties.

Though an open request for attorney's fees and costs necessitates further proceedings in the trial court, the unresolved issue " 'does not prevent judgment on the merits from being final.' " *Bumpers*, 364 N.C. at 200, 695 S.E.2d at 446 (quoting *Budinich*, 486 U.S. at 202, 108 S. Ct. at 1722, 100 L. Ed. 2d at 185)). An order that completely decides the merits of an action therefore constitutes a final judgment for purposes of appeal even when the trial court reserves for later determination collateral issues such as attorney's fees and costs. *See Budinich*, 486 U.S. at 202-03, 108 S. Ct. at 1722, 100 L. Ed. 2d at 185 ("Courts and litigants are best served by the bright-line rule, which accords with traditional understanding, that a decision on the merits is a 'final decision' for purposes of [appeal] whether or not there remains for adjudication a request for attorney's fees attributable to the case."). Because an order resolving all substantive claims is a final judgment, Rule 54(b) certification is superfluous, and such a final order is immediately appealable as of right. N.C.G.S. § 1-277(a); *id.* § 7A-27(c). Failure to file a timely notice of appeal from the final judgment waives the right to appeal. *Id.* § 1-279.1 (2011); N.C. R. App. P. 3

("Appeal in Civil Cases—How and When Taken"). This bright-line rule applies to all cases in which a trial court enters an order disposing of the parties' substantive claims yet leaves open a request for attorney's fees and costs. To promote clarity and uniformity, we disavow any language in *Bumpers v. Community Bank of Northern Virginia* that may be read to conflict with our holding in the case at hand. 364 N.C. 195, 695 S.E.2d 442.

In this instance, the trial court resolved the merits of all the claims between the parties with the exception of attorney's fees. While the trial court could have determined the attorney's fee issue contemporaneously with plaintiff's alimony demand, the failure to do so did not negate the finality of the trial court's order. We hold that the trial court's order was final and immediately appealable because attorney's fees were not part of the substantive claims. As a party to a final judgment on the merits, defendant preserved his right to appeal by giving timely notice thereof. Accordingly, the decision of the Court of Appeals dismissing defendant's appeal is reversed. This case is remanded to that court for consideration of the remaining issues.

REVERSED AND REMANDED.

Justice BEASLEY did not participate in the consideration or decision of this case.