Ward v. FSC I, LLC, 2017 NCBC 19.

STATE OF NORTH CAROLINA

COUNTY OF JOHNSTON

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
16 CVS 274

TODD WARD and TERRY KALLAM,
Derivatively on Behalf of the
RIVERWOOD ATHLETIC CLUB
COMMUNITY ASSOCIATION, INC.,
        Plaintiffs,

v.

FSC I, LLC, FRED SMITH COMPANY,
FRED J. SMITH, JR., and REID M.
SMITH,
        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**ORDER ON MOTIONS TO
RECONSIDER AND
MOTIONS FOR FEES**

THIS MATTER comes before the Court on (1) Defendants Fred J. Smith, Jr., Fred Smith Company, and FSC I, LLC's (collectively "Fred Smith") Motion for Partial Reconsideration of Amended Order and Opinion (*sic*) and Objection to Plaintiff's Attorneys' Fees, (2) Defendant Reid M. Smith's ("Reid Smith") Motion for Partial Reconsideration of Amended Order and Opinion (*sic*) (collectively, the Defendants' Motions for Partial Reconsideration are referred to as "Motions to Reconsider"), (3) Fred Smith's Motion for Attorneys' Fees, and (4) Reid Smith's Motion for Attorneys' Fees (collectively, the Defendants' Motions for Attorneys' Fees are referred to as "Motions for Fees").

THE COURT, having considered the Motions to Reconsider and the Motions for Fees, the affidavits and other materials filed by the parties, the briefs in support of and in opposition to the Motions for Reconsideration and Motions for Fees, and other appropriate matters of record, FINDS and CONCLUDES that the Motions to

Reconsider should be GRANTED, and the Motions for Fees should be DENIED for the reasons set forth below.

## I.  *FACTUAL AND PROCEDURAL BACKGROUND.*

1.      The factual and procedural background of this matter was recited by the Court in its Amended Opinion and Order filed on December 2, 2016 ("Amended Order"). *Reported as Ward v. FSC I, LLC*, 2016 NCBC LEXIS 93 (N.C. Super. Ct. 2016). Here, the Court recites only those limited background and procedural facts necessary to the resolution of the Motions to Reconsider and Motions for Fees.

### a.  The claims, the Meeting, and the payments.

2.      This case arises out of issues raised on behalf of Riverwood Athletic Club Community Association, Inc. ("RACCA"), a nonprofit community association under the North Carolina Nonprofit Corporation Act, N.C. Gen. Stat. §§ 55A-1-01 *et seq.*, ("Nonprofit Act"; hereinafter, references to the North Carolina General Statutes will be to "G.S.") in a derivative lawsuit filed by two members of RACCA, Plaintiffs Todd Ward ("Ward") and Terry Kallam (collectively, "Plaintiffs"). In the lawsuit, Plaintiffs claimed that Fred Smith collected certain fees from RACCA members to which they were not entitled by the governing community covenants, and that RACCA improperly remitted those fees to Fred Smith pursuant to a service contract between RACCA and Fred Smith.[1]

---

[1] Plaintiffs' claim involved separate disputes regarding the payment of fees by RACCA to Fred Smith. Plaintiffs contended that under the service agreement Fred Smith was only entitled to collect a single, annual payment, but instead collected the payments on a monthly basis, resulting in a significant overpayment. Plaintiffs also contended that Fred Smith collected fees for unimproved lots (lots not containing a residential structure) to which they

3.     On August 31, 2015, prior to filing this action, Plaintiffs' counsel sent a letter to RACCA and its Board of Directors ("Board") raising the issues regarding the fees and requesting that RACCA investigate the claims. On September 30, 2015, RACCA, through counsel, notified Plaintiffs' counsel that the Board would form an independent committee ("Investigative Committee") to investigate the issues raised in the August 31 letter and would conduct an audit of RACCA's finances. The investigation and audit, however, were delayed for various reasons.

4.     On January 13, 2016, a meeting was held between Plaintiffs' counsel, Fred Smith's counsel, and counsel for RACCA during which the issue of collection of fees for unimproved lots was discussed ("the Meeting"). Plaintiffs concede that in the Meeting "counsel for RACCA and [Fred Smith] indicated that they agreed with Plaintiffs that [Fred Smith] had improperly collected monthly service fees for unimproved lots." (Pls.' Resp. Mot. Recons. 6.) In the Meeting, RACCA's counsel claimed that Fred Smith had already reimbursed RACCA for the fees improperly collected for unimproved lots, but RACCA's counsel later conceded that she was incorrect and the reimbursement had not yet been made. In any event, it is undisputed that Fred Smith subsequently reimbursed the fees. The initial payment was made on April 5, 2016 in the amount of $14,167.00, and the second payment was made on June 17, 2016 in the amount of $10,031.00. Plaintiffs initiated this action on January 28, 2016.

---

were not entitled under the service agreement. The annual versus monthly payment dispute involved a much larger amount of potential overpayments than the unimproved lots dispute.

5.      Defendants contend that Fred Smith agreed to reimburse the fees in the Meeting, and made the payments pursuant to that agreement. (Fred Smith's Br. Supp. Mot. Recons. 8–9.) Plaintiffs contend that "it is apparent that the payments were only made because the lawsuit was filed." (Pls.' Resp. Mot. Recons. 6–7.) It is undisputed that the payments were not made pursuant to any type of settlement agreement or other written agreement, and were not paid as the result of a judgment.

### b. The Amended Order.

6.      In the Amended Order, the Court adopted the final report of the Investigative Committee in which concluded that it was not in the best interest of RACCA to pursue Plaintiffs' derivative claims. Pursuant to G.S. § 55A-7-40 of the Nonprofit Act, the Court discontinued the derivative action and dismissed the Plaintiffs' claims with prejudice. *Ward*, 2016 NCBC LEXIS 93, at *24.

7.      In the Amended Order, the Court also found that "[t]he record establishes that Plaintiffs obtained a benefit for RACCA from raising their claims in the form of the approximately $24,200 in repayments RACCA received from Fred Smith for Fred Smith's improper collection of fees for unimproved lots." *Id.*, at *25. The Court concluded that as a result Plaintiffs should be awarded attorneys' fees pursuant to G.S. § 55A-7-40(e), which provides in pertinent part that "[i]f the action on behalf of the corporation is successful, in whole *or in part*, whether by means of a compromise and settlement or by a judgment, the court may award the plaintiff the reasonable expenses of maintaining the action, including reasonable attorneys' fees, . . ." (emphasis added). The Court ordered Plaintiffs' counsel to file affidavits

"addressing the factors properly considered by the Court in making an award . . . with supporting records so that the Court can determine the amount of such fees, which will be awarded in a separate order." *Ward*, 2016 NCBC LEXIS 93, at *26.

8.     Plaintiffs filed the requested affidavits on December 22, 2016. The Court, via email, granted leave for Defendants to file any opposition to Plaintiffs' affidavits by January 9, 2017. On January 9, 2017, Defendants filed the Motions to Reconsider, which seek reconsideration of the Court's award of attorneys' fees to Plaintiffs in the Amended Order.   On the same date, Defendants also filed the Motions for Fees seeking an award of attorneys' fees to Defendants under G.S. § 55A-7-40(f). Plaintiffs filed briefs in response to the Motions to Reconsider and the Motions for Fees, and Fred Smith filed replies. The Motions are now ripe for disposition.

II.     *ANALYSIS.*

a.  Motions to Reconsider.

9.     The Defendants seek reconsideration of the Amended Order pursuant to Rule 54(b) which provides that "any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of the parties." Trial courts have the discretion to reconsider their interlocutory rulings until a final judgment has been entered. *Campbell Oil Co. v. AmeriGas Propane, LP*, 2016 NCBC LEXIS 50, *4–5 (N.C. Super. Ct. July 8, 2016); *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565–66 (M.D.N.C. 2005). "Most courts will limit reconsideration of interlocutory orders to the following situations: (1) where there has been an intervening change in controlling law; (2) where there is

additional evidence not previously available; or (3) where the prior decision was based on clear error or would work manifest injustice." *Id.* at *5. In the alternative, Defendants seek relief from judgment under Rule 60(b) which provides that "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for . . . (6) Any other reason justifying relief from the operation of the judgment."

       i.    *Authority of the Court to Reconsider Order.*

10.    Plaintiffs contend that this Court cannot reconsider its Order pursuant to Rule 54(b) because the Order constitutes a "judgment adjudicating all the claims and the rights and liabilities of all the parties," and consequently, the Defendants are limited to seeking relief on appeal. In support of this contention, Plaintiffs rely on the North Carolina Supreme Court's decision in *Duncan v. Duncan*, 366 N.C. 544, 742 S.E.2d 799 (2013).

11.    Plaintiffs misapprehend the holding in *Duncan*. In *Duncan*, the North Carolina Supreme Court considered the question of whether an order determining all of the substantive claims raised in an action was a final judgment for purposes of requiring appeal. The Court held "[a]n order that completely decides *the merits of an action* therefore constitutes a final judgment *for purposes of appeal* even when the trial court reserves for later determination collateral issues such as attorney's fees and costs." 366 N.C. at 546, 742 S.E.2d at 801 (emphasis added). The Court further stated "[w]e hold that the trial court's order was final and immediately appealable because *attorney's fees were not part of the substantive claims.*" *Id.* (emphasis added).

The Court did not hold that those collateral matters left open in an otherwise final judgment deciding the substantive claims, such as determination of attorneys' fees, did not remain interlocutory pending determination of the collateral matter.

12. North Carolina appellate decisions interpreting *Duncan* support this conclusion. *See, e.g.*, *In re Cranor*, 786 S.E.2d 379, 382, 2016 N.C. App. LEXIS 567, *7 (May 17, 2016) (distinguishing *Duncan* and holding "[b]ecause the September Order was an order for attorneys' fees which did not set *the amount* of the fee award, instead leaving the issue for later determination, it was not a final order"); *Salvie v. Med. Ctr. Pharmacy of Concord, Inc.*, 235 N.C. App. 489, 494–95, 762 S.E.2d 273, 278 (2014) (citing *Duncan* in support of conclusion that "the unresolved issue of the specific amount of attorneys' fees to be awarded does not render [defendant's] *entire* appeal interlocutory" and noting "we have previously held that this Court will not consider an appeal of an attorneys' fees award until the specific amount of the award has been determined by the trial tribunal") (citations omitted); *see also Medlin v. N.C. Specialty Hosp., LLC*, 233 N.C. App. 327, 341, 756 S.E.2d 812, 821 (2014) (not expressly discussing *Duncan*, but holding "an appeal from an award of attorneys' fees may not be brought until the trial court has finally determined the amount to be awarded").

13. The only portion of the Amended Order on which Defendants seek reconsideration is the award of attorneys' fees, the amount of which the Court left open for determination. Since an award of attorneys' fees is interlocutory until the

trial court has finally determined the amount to be awarded, the Court may reconsider its order on this issue under Rule 54(b).

　　　ii.　*Reconsideration of Fee Award.*

14.　In the Amended Order, the Court awarded Plaintiffs' attorneys' fees pursuant to section 55A-7-40(e) of the Nonprofit Act, which provides as follows:

> If the action on behalf of the corporation is successful, in whole or in part, whether by means of a compromise and settlement or by a judgment, the court may award the plaintiff the reasonable expenses of maintaining the action, including reasonable attorneys' fees, and shall direct the plaintiff to account to the corporation for the remainder of any proceeds of the action.

15.　Defendants seek reconsideration of the Court's determination that Plaintiffs are entitled to an award of attorneys' fees on the grounds that the Court erred as a matter of law because Fred Smith agreed "to repay the [fees] more than two weeks before Plaintiffs filed their Complaint and because Plaintiffs' 'action' was not successful in any way and was, instead, dismissed in its entirety." (Fred Smith's Br. Supp. Mot. Recons. 13.) Defendants contend that in order for the Court to make an award of attorneys' fees "the North Carolina Nonprofit Corporation Act expressly requires that the plaintiff's action be 'successful,' whether through a post-complaint-filing settlement or through a judgment." (Fred Smith's Br. Supp. Mot. Recons. 14.) Plaintiffs argue in response that (a) Fred Smith did not reimburse RACCA for the fees until after Plaintiffs filed the lawsuit, (b) there is no evidence the repayments were made pursuant to an express agreement entered into by Fred Smith before the

lawsuit was filed, and (c) "it is clear the repayments were the direct result of Plaintiffs' efforts in this case." (Pls.' Resp. Mot. Recons. 13–16.)

16.     The Court finds Defendants' argument compelling. First, although Plaintiffs brought the issue to the attention of the Board, the payments made by Fred Smith clearly did not result from "a judgment," nor was there a "compromise and settlement."  Fred Smith did not condition the payments on a release of claims by the Plaintiff or a promise not to sue. While the payments were made after Plaintiffs filed this "action," Fred Smith did not condition the payments on Plaintiff's dismissal of their claims in this lawsuit, or even just on dismissal of their claims based on the fees charged for the unimproved lots. Fred Smith sought, and Plaintiffs made, no "compromise and settlement" that resulted in the reimbursement payments.

17.     In addition, the reimbursement payments did not result from Plaintiffs' success in this "action." Although the Nonprofit Corporation Act does not provide a definition of "action," the language of G.S. §55A-7-40, which provides for derivative actions by members of nonprofit corporations, strongly supports the conclusion that an action is a derivative lawsuit. Section 55A-7-40(a) provides that "[a]n action may be brought in a superior court of this State, which shall have exclusive jurisdiction over actions brought hereunder." Sections 55A-7-40(b) and (c) provide the pleading requirements placed on the "plaintiff"[2] who brings a derivative action.  Section 55A-7-40(f) provides the court with authority to require "the plaintiff or plaintiffs" to pay

---

[2] The Law Dictionary defines "plaintiff" as "a person who initiates a lawsuit." *Plaintiff*, The Law Dictionary, Lexis Advance (7th ed. 2016).

the defendant's attorneys' fees if the court finds "the action was brought without reasonable cause." These provisions lead to the conclusion that an "action", as used in the statute, is a derivative lawsuit filed in court.

18.     The language used in G.S. § 55A-7-40(e) also can be contrasted with the language in the parallel provision of the North Carolina Business Corporation Act ("BCA"), which allows the Court to award attorneys' fees to a plaintiff in a derivative lawsuit "if it finds that the proceeding has resulted in substantial benefit to the corporation." G.S. § 55-7-46. Unlike the Nonprofit Corporations Act, the BCA does not require "that plaintiff be a successful litigant in order to recover attorneys' fees." *Aubin v. Susi*, 149 N.C. App. 320, 327, 560 S.E.2d 875, 880 (2002). Section 55-7-46 also does not expressly provide that success in the derivative action must be in the form of a settlement or judgment in the lawsuit.

19.     The related provision in the Revised Model Nonprofit Corporation Act (1987) ("Model Act") is also instructive. The Nonprofit Corporation Act was last revised in 1993, at which time the North Carolina General Assembly reviewed and considered the Model Act. Commentary, G.S. § 55A-7-40. The "Commentary" accompanying the revisions notes that "[a]lthough the drafters reviewed the [Model Act] and adopted certain of its provisions, the Act is substantially different from the Model Act." *Id.* Accordingly, it appears that the General Assembly was aware of, but did not adopt, Section 6.3(e) of the Model Act regarding a court's authority to award attorneys' fees to plaintiffs.  Section 6.3 (e) provides as follows:

> If the proceeding on behalf of the corporation *results in the corporation taking some action requested by the*

> *complainants* or otherwise was successful, in whole or in part, or if anything was received by the complainants as the result of a judgment, compromise or settlement of an action or claim, the court may award the complainants reasonable expenses (including counsel fees).

Revised Model Nonprofit Corporation Act § 6.30(e) (emphasis added).

20.     The difference in the language of these statutes signals to the Court that the legislature did not intend for the Nonprofit Corporation Act to incorporate the substance of the BCA or the Model Act regarding a court's authority to award attorneys' fees to a plaintiff. Both the BCA and Model Act take a more liberal approach by allowing a fee award to a derivative plaintiff who has obtained some benefit to the corporation regardless of the success on the merits of their underlying claims. In addition, neither the BCA nor the Model Act require that success be "by means of a compromise and settlement or by a judgment" as the Nonprofit Corporation Act does. The Court concludes that § 55A-7-40(e) authorizes a court to award attorney's fees to a plaintiff in a derivative action only if the plaintiffs' claims in the action on behalf of the corporation are successful in that they result in a compromise and settlement or judgment on the merits.

21.     Here, the reimbursement payments were not made pursuant to a compromise and settlement or a judgment, and were not a direct result of any success of the Plaintiffs in this action. The Court's award of attorneys' fees to Plaintiffs in the Amended Order was a clear error of law and would work a manifest injustice to Defendants if not corrected.

22.     Accordingly, Defendants' Motions to Reconsider are GRANTED. Upon reconsideration of its previous Order, the Court withdraws its award of attorneys' fees to Plaintiffs' counsel, and concludes Plaintiffs are not entitled to an award of attorneys' fees in this lawsuit.

### b.  Motions for Fees.

23.     Defendants urge the Court to exercise its discretion to award attorneys' fees pursuant to G.S. § 55A-7-40(f). Under the North Carolina Nonprofit Corporation Act, where a derivative action on behalf of a corporation "was brought without reasonable cause," a court may, upon final judgment, "require the plaintiff or plaintiffs to pay to the defendant or defendants the reasonable expenses, including attorneys' fees, incurred by them in the defense of the action." G.S. § 55A-7-40(f).

24.     The Court has thoroughly reviewed the Motions for Fees, affidavits, briefs and other materials filed by the parties and concludes, in its discretion, that Plaintiffs had reasonable cause to pursue the claims in this action. Accordingly, Defendants Motions' for Fees are DENIED.

25.     Except as expressly granted above, the Motions are DENIED.


SO ORDERED, this the 7th day of March, 2017.


/s/ Gregory P. McGuire
Gregory P. McGuire
Special Superior Court Judge
   for Complex Business Cases