IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA16-638

 Filed: 16 May 2017

Mecklenburg County, No. 13 CVS 2271

RADIATOR SPECIALTY COMPANY, Plaintiff,

 v.

ARROWOOD INDEMNITY COMPANY (AS SUCCESSOR TO GUARANTY
NATIONAL INSURANCE COMPANY, ROYAL INDEMNITY COMPANY AND
ROYAL INDEMNITY COMPANY OF AMERICA); COLUMBIA CASUALTY
COMPANY; CONTINENTAL CASUALTY COMPANY; FIREMAN’S FUND
INSURANCE COMPANY; INSURANCE COMPANY OF NORTH AMERICA;
LANDMARK AMERICAN INSURANCE COMPANY; MUNICH REINSURANCE
AMERICA, INC. (AS SUCCESSOR TO AMERICAN REINSURANCE COMPANY);
MUTUAL FIRE, MARINE AND INLAND INSURANCE COMPANY; NATIONAL
UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA; PACIFIC
EMPLOYERS INSURANCE COMPANY; ST. PAUL SURPLUS LINES
INSURANCE COMPANY; SIRIUS AMERICA INSURANCE COMPANY (AS
SUCCESSOR TO IMPERIAL CASUALTY AND INDEMNITY COMPANY); UNITED
NATIONAL INSURANCE COMPANY; WESTCHESTER FIRE INSURANCE
COMPANY; ZURICH AMERICAN INSURANCE COMPANY OF ILLINOIS,
Defendants.

 Appeal by plaintiff from orders entered 28 and 29 January 2016 by Judge W.

David Lee in Mecklenburg County Superior Court. Heard in the Court of Appeals 11

January 2017.

 Perkins Coie LLP, by Jonathan G. Hardin, pro hac vice, and Catherine J. Del
 Prete, pro hac vice; and McGuirewoods LLP, by Joshua D. Davey and L.D.
 Simmons, II, for plaintiff-appellant, cross-appellee Radiator Specialty
 Company.

 No brief filed for defendant-appellee Arrowood Indemnity Company.

 Smith Moore Leatherwood LLP, by Matthew Nis Leerberg and Timothy P.
 Lendino; and Rivkin Radler LLP, by Michael A. Kotula, pro hac vice, and
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

 Robert A. Maloney, pro hac vice, for defendant-appellee, cross-appellant
 Fireman’s Fund Insurance Company.

 Hedrick Gardner Kincheloe & Garofalo, LLP, by M. Duane Jones and Paul C.
 Lawrence; and Musick, Peeler, & Garrett, LLP, by Stephen M. Green, pro hac
 vice, for defendant-appellee Landmark American Insurance Company.

 Goldberg Segalla, LLP, by David L. Brown; and Jacson & Campbell, P.C., by
 Donald C. Brown, Jr. and Timothy R. Dingilian, for defendant-appellee
 National Union Fire Insurance Company of Pittsburgh, PA.

 Nexsen Pruet, PLLC, by James W. Bryan; and Saul Ewing, LLP, by Thomas S.
 Schaufelberger, pro hac vice, and Aaron J. Kornblith, pro hac vice, for
 defendant-appellee United National Insurance Company.

 Gallivan, White & Boyd, P.A., by Phillip E. Reeves, pro hac vice, Jennifer E.
 Johnsen, pro hac vice, and Gillian S. Crowl; and Ellis & Winters LLP, by
 Thomas H. Segars, for defendant-appellee, cross-appellant Zurich American
 Insurance Company of Illionis.

 Hunton & Williams LLP, by Nash E. Long; and Pillsbury Winthrop Shaw
 Pittman LLP, by Mark J. Plumer, pro hac vice, and Vernon Thompson, Jr., pro
 hac vice, for Edison Electric Institute, amicus curiae.

 Cranfill Sumner & Hartzog LLP, by Jaye E. Bingham-Hinch and Laura
 Foggan, pro hac vice, for Complex Insurance Claims Litigation Association,
 amicus curiae.

 Robinson, Bradshaw & Hinson, P.A., by R. Steven DeGeorge; and Reed Smith
 LLP, by Ann V. Kramer, pro hac vice, and Julie L. Hammerman, pro hac vice,
 for United Policyholders, amicus curiae.

 ELMORE, Judge.

 The interlocutory appeals and cross-appeals in this complex insurance case

arise from an action brought by a diversified products manufacturer and seller that,

since 1971, secured from about two dozen insurers a sophisticated multi-policy

 -2-
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

commercial liability insurance package; for a few undisclosed years manufactured

products containing benzene and asbestos and, consequently, has paid or incurred

substantial litigation defense costs and liabilities to resolve hundreds of related

products-liability claims; and then, years later, after settling coverage disputes with

several of its insurers, brought the instant action against its remaining solvent

insurers, seeking a judgment declaring the extent to which those insurers owe it a

duty to pay its defense and indemnity costs under their respective policies for past

and future benzene and asbestos claims brought against it.

 Over the course of litigation, the parties moved and cross-moved for partial

summary judgment on various coverage issues. After multiple hearings, the trial

court entered fifteen orders resolving most disputes in the context of these

progressive disease claims, including the proper theory to determine whether

coverage has been triggered under a policy, method to allocate defense and indemnity

costs for claims spanning multiple policy periods, and method to determine when

underlying coverage exhausts and excess or umbrella coverage attaches. But before

the court entered any final judgments in the action, the parties appealed or cross-

appealed six of those orders.

 This case presents various insurance liability coverage issues, including which

trigger, allocation, and exhaustion theories or methods should apply to progressive

disease claims spanning multiple policy periods of a decades-long, multi-carrier,

 -3-
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

multi-policy, multi-layered liability insurance coverage block. The dispositive issue,

however, is whether this case should dismissed at this stage in litigation. Several

insurers request that we dismiss these appeals and cross-appeals so the trial court

can enter a final judgment fully and finally resolving all claims. These insurers argue

that the interlocutory orders on appeal would not irreparably affect substantial rights

justifying immediate review. The insured and one insurer claim entitlement to

immediate review on the basis that the orders affect their substantial rights.

 Because these six interlocutory orders were not Rule-54(b)-certified by the trial

court as appropriate for immediate appeal, nor has any party demonstrated

sufficiently how any order affects its substantial rights and would work injury if not

immediately reviewed, we dismiss these appeals and cross-appeals to allow the trial

court to fully and finally resolve all matters before entertaining appellate review.

 I. Background

 Because thousands of documents in the appellate record and the parties’ fifteen

briefs were filed under seal, our discussion and analysis is limited.

 Plaintiff Radiator Specialty Company (RSC) is an automotive, hardware, and

plumbing products manufacturer and seller. Since 1971, RSC has insured itself

against various risks from operating its business, securing from twenty-five insurers

over one-hundred primary, excess, or umbrella commercial general and/or products

liability insurance policies providing coverage for nearly annual periods in differing

 -4-
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

amounts, policies subject to differing limits, retentions, and deductibles. Five of those

insurers, Fireman’s Fund, Landmark, National Union, United National, and Zurich

(defendants) issued RSC twenty-five primary, excess, or umbrella policies for nearly

annual periods within a 1976–2014 coverage block.

 For a few years within that coverage block, RSC manufactured products

containing benzene and asbestos. As a result, RSC has been named as a defendant

or co-defendant in hundreds of benzene- and asbestos-related products liability

claims filed across the United States. Over several years, RSC has paid or incurred

substantial litigation defense and liability costs to resolve hundreds of those claims

and has entered into coverage settlements with many of its insurers.

 In February 2013, RSC brought the instant action against its remaining fifteen

solvent insurers, alleging they owed it a duty to indemnify RSC for its defense and

liability costs and to reimburse RSC for its payment of those costs, and seeking a

declaration of the rights, status, duties, and obligations of those insurers under their

respective policies to pay RSC’s defense and indemnity costs for the benzene and

asbestos claims. In July 2015, RSC amended its complaint and named nine insurers,

including defendants, seeking declarations of those insurers’ defense and indemnity

duties for the benzene claims and declarations of six insurers’ duties for the asbestos

claims. RSC’s amended complaint also added two claims against National Union for

its alleged bad faith refusal to pay defense costs or settle claims, seeking punitive

 -5-
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

damages, and its alleged unfair and deceptive trade practices, seeking treble

damages. RSC demanded a jury trial on all six of its claims for relief.

 Throughout the litigation, the parties advanced several theories of insurance

coverage and moved and cross-moved for partial summary judgment on several

issues. First, the parties disputed the proper theory of triggering coverage under a

policy with respect to these progressive disease claims. RSC and one insurer moved

for application of an “injury-in-fact” trigger, a theory in which coverage for “bodily

injury occurs when there is medical evidence establishing when the injury occurred,

regardless of when it becomes diagnosable.” Imperial Cas. & Indem. Co. v. Radiator

Specialty Co., 862 F. Supp. 1437, 1441 (E.D.N.C. 1994) (citations omitted), aff’d, 67

F.3d 534 (4th Cir. 1995). Other insurers moved for application of an “exposure”

trigger, meaning coverage would only be triggered during periods in which claimants

were actually exposed to benzene or asbestos.

 Second, the parties disputed the proper method for allocating defense and

indemnity costs when a covered claim spans multiple policy periods. RSC moved for

application of an “all-sums” allocation, a method by which “a triggered insurer is

liable for all costs associated with a claim, subject to a right of contribution among

any other triggered insurers.” The insurers moved for application of a “pro-rata”

allocation, in which “costs are spread among the triggered insurers, and to the

insured for uninsured periods, in a time-on-the-risk manner.”

 -6-
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

 Third, the parties disputed the proper underlying-policy exhaustion method to

trigger excess or umbrella coverage. Two umbrella insurers moved for application of

“horizontal” exhaustion, meaning that the insured must exhaust all available

underlying coverage before turning to excess or umbrella coverage. The competing

position was “vertical” exhaustion, meaning that once an underlying policy exhausts,

the coverage obligation shifts upward to the excess or umbrella policy covering the

same policy period.

 After five days of motions hearings on these and other coverage disputes, the

trial court allegedly entered fifteen orders on 28 or 29 January 2016, although only

eight are included in the appellate record. Relevant for this discussion are the six

orders on appeal and their challenged rulings.

 First, the court ruled that exposure trigger theory was the appropriate theory

to determine when coverage under a policy was triggered (“Trigger Order”). Second,

the court ruled that pro-rata allocation, based on a time-on-the-risk manner, was the

proper method to allocate defense and indemnity costs for claims spanning multiple

policy periods (“Allocation Order”). Third, the court ruled that horizontal exhaustion

was the proper method to trigger excess or umbrella coverage, entering one order

applicable to Zurich’s umbrella policy (“Zurich Horizontal Exhaustion Order”) and

another applicable to Landmark’s umbrella policies (“Landmark Partial Summary

Judgment Order”). Next, the court ruled that RSC may not apply settlement

 -7-
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

payments and indemnity incurred without Zurich’s consent to deduce the liability-

retained limit of Zurich’s umbrella policy, as required to trigger its indemnification

obligations (“Zurich Indemnity Obligations Order”). Finally, the court ruled that

RSC’s coverage settlement with a primary insurer does not cease United National’s

coverage obligations under its excess policy (“United National Coverage Cessation

Order”).

 On 26 February 2016, RSC appealed the Allocation Order, Trigger Order,

Zurich Indemnity Obligations Order, Zurich Horizontal Exhaustion Order, and

Landmark Partial Summary Judgment Order. That same day, Fireman’s Fund

appealed the Trigger Order, Landmark Partial Summary Judgment Order, and

Zurich Horizontal Exhaustion Order. On 29 February 2016, United National

appealed the Allocation Order and United National Coverage Cessation Order. That

same day, Zurich cross-appealed the Zurich Horizontal Exhaustion Order.

 II. Analysis

 On appeal or cross-appeal, the parties challenge several of the trial court’s

rulings. In RSC’s appeals, it contends the court erred in applying an exposure trigger,

rather than an injury-in-fact trigger; a pro-rata allocation, rather than an all-sums

allocation; and a horizontal exhaustion method, rather than a vertical exhaustion

method, with respect to Landmark’s umbrella coverage obligations. RCS also asserts

the court erred by ruling it cannot apply settlement payments and indemnity

 -8-
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

incurred without Zurich’s consent to erode the retained-liability limit of Zurich’s

umbrella policy. In Fireman’s Fund’s cross-appeal, it also challenges the trial court’s

application of an exposure trigger, rather than an injury-in-fact trigger. In United

National’s cross-appeal, it contends the court erred by ruling that RSC’s settlement

with an underlying insurer does not terminate its coverage obligation for that policy

period. In Zurich’s cross-appeal, it contends the court erred by including a footnote

to its Zurich Horizontal Exhaustion Order that, Zurich alleges, implies that its

umbrella coverage obligations may attach in a situation other than complete

horizontal exhaustion.

 However, we must first consider the appealability of these interlocutory orders.

Landmark, National Union, United National, and Zurich contend these interlocutory

appeals and cross-appeals are premature and should be dismissed so the trial court

can fully and finally resolve all matters before appellate review. These insurers argue

the orders are interlocutory, do not affect substantial rights, and would not work

injury if not reviewed before final judgment.

 RSC and Fireman’s Fund disagree. These parties argue we should

immediately review their appeals. Fireman’s Fund asserts that the orders constitute

a final judgment for appeal purposes and, alternatively, that the Trigger Order affects

substantial rights because it dictates which insurers owe RSC defense in pending

claims. RSC asserts the Trigger Order, Allocation Order, Zurich Horizontal

 -9-
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

Exhaustion Order, and Landmark Partial Summary Judgment Order would

irreparably affect its substantial rights absent immediate review because the orders

eliminate or severely restrict its ability to obtain insurance defense in pending claims.

A. Orders are Interlocutory

 As an initial matter, we reject Fireman’s Fund’s argument that these series of

partial summary judgment orders constitute a final judgment under N.C. Gen. Stat.

§ 7A-27(b)(1) (2015) (providing statutory right to appeal from final judgments of the

superior court).

 A final judgment is one which disposes of the cause as to
 all the parties, leaving nothing to be judicially determined
 between them in the trial court. An interlocutory order is
 one made during the pendency of an action, which does not
 dispose of the case, but leaves it for further action by the
 trial court in order to settle and determine the entire
 controversy.

Veazey v. City of Durham, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950) (citations

omitted).

 Although RSC and its other insurers concede the orders are interlocutory,

Fireman’s Fund argues that, because the trial court “virtually decided all the issues

of law in dispute” and “left only collateral issues for determination,” the orders,

properly interpreted, constitute a final judgment for appeal purposes. Fireman’s

Fund cites to Duncan v. Duncan, 366 N.C. 544, 742 S.E.2d 799 (2013), in which our

Supreme Court held that “[a]n order that completely decides the merits of an action

 - 10 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

. . . constitutes a final judgment for purposes of appeal even when the trial court

reserves for later determination collateral issues such as attorney’s fees and costs.”

Id. at 546, 742 S.E.2d at 801 (emphasis added) (citation omitted).

 Here, conversely, notwithstanding RSC’s pending attorney’s fees request,

other non-collateral issues remain unresolved. Significantly, although the orders

resolve certain coverage disputes, the issue of damages remains pending. See Tridyn

Indus., Inc. v. Am. Mut. Ins. Co., 296 N.C. 486, 492, 251 S.E.2d 443, 448 (1979)

(dismissing as interlocutory “an order of partial summary judgment on the issue of

liability, reserving for trial the issue of damages”); see also Land v. Land, 201 N.C.

App. 672, 673, 687 S.E.2d 511, 513–14 (2010) (“Where defendants’ liability for . . .

damages has been established by jury verdicts, and the only unresolved issue before

the trial court is the amount of damages to be awarded, [the] appeal is interlocutory,

does not affect a substantial right, and must be dismissed.”). Further, the record

indicates RSC’s two individual claims against National Union remain pending.

Accordingly, because claims remain unresolved and matters still need to be judicially

determined in the trial court, these orders are interlocutory.

B. Appellate Jurisdiction

 Landmark, National Union, United National, and Zurich contend we lack

jurisdiction over these appeals and cross-appeals because no order would irreparably

affect substantial rights absent immediate appellate review. RSC and Fireman’s

 - 11 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

Fund disagree and claim a right to immediate appeal on the basis that the orders

affect substantial rights.

 “[I]t is the duty of an appellate court to dismiss an appeal if there is no right

to appeal.” Pasour v. Pierce, 46 N.C. App. 636, 639, 265 S.E.2d 652, 653 (1980) (citing

Waters v. Qualified Pers., Inc., 294 N.C. 200, 201–02, 240 S.E.2d 338, 340 (1978)).

“Generally, there is no right of immediate appeal from interlocutory orders.”

Goldston v. Am. Motors Corp., 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990). The

purpose for this rule “is to prevent fragmentary, premature and unnecessary appeals

by permitting the trial divisions to have done with a case fully and finally before it is

presented to the appellate division.” Waters, 294 N.C. at 207, 240 S.E.2d at 343.

 Yet immediate appeal from an interlocutory order may be allowed in two

situations. First, an appeal may lie in multi-claim or multi-party litigation, if the

trial court certifies under Rule 54(b) of the North Carolina Rules of Civil Procure that

its order represents a final judgment as to some claims or parties and that there is

no just reason to delay the appeal. N.C. Gen. Stat. § 1A-1, Rule 54(b) (2015). Second,

an appeal may lie if the order qualifies under N.C. Gen. Stat. §§ 1-277 and 7A-27(d)(1)

(2015), typically because it affects a “ ‘substantial right which [the appellant] might

lose if the order is not reviewed before final judgment.’ ” Hanesbrands Inc. v. Fowler,

__ N.C. __, __, 794 S.E.2d 497, 499 (2016) (quoting City of Raleigh v. Edwards, 234

N.C. 528, 530, 67 S.E.2d 669, 671 (1951)).

 - 12 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

 Here, because no order is Rule 54(b)-certified as appropriate for immediate

appeal, to establish appellate jurisdiction RSC and Fireman’s Fund bear the burden

of demonstrating how each order it appeals “ ‘(1) affect[s] a substantial right and (2)

[will] work injury if not corrected before final judgment.’ ” Harris v. Matthews, 361

N.C. 265, 269, 643 S.E.2d 566, 569 (2007) (quoting Goldston, 326 N.C. at 728, 392

S.E.2d at 737); see also Goldston, 326 N.C. at 726, 392 S.E.2d at 736 (“[A]n appeal

from an interlocutory order will be dismissed as fragmentary and premature unless

the order affects some substantial right and will work injury to appellant if not

corrected before appeal from final judgment.”). “It is the appellant’s burden to

present appropriate grounds for . . . acceptance of an interlocutory appeal, . . . and

not the duty of this Court to construct arguments for or find support for appellant’s

right to appeal[.]” Hanesbrands, __ N.C. at __, 794 S.E.2d at 499 (quoting Johnson v.

Lucas, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338, aff’d per curiam, 360 N.C. 53,

619 S.E.2d 502 (2005)).

 To satisfy this burden, RSC and Fireman’s Fund must allege in the “statement

of the grounds for appellate review” section of their briefs “sufficient facts and

argument [establishing] that [a] challenged order affects a substantial right,” N.C. R.

App. P. 28(b)(4), and “must present more than a bare assertion that [an] order affects

a substantial right; they must demonstrate why [an] order affects a substantial right,”

Hanesbrands, __ N.C. at __, 794 S.E.2d at 499 (quoting Hoke Cnty. Bd. of Educ. v.

 - 13 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

State, 198 N.C. App. 274, 277–78, 679 S.E.2d 512, 516 (2009) (first emphasis added)).

“ ‘Where the appellant fails to carry the burden of making such a showing to the court,

the appeal will be dismissed.’ ” Id. at __, 794 S.E.2d at 499 (quoting Johnson, 168

N.C. App. at 518, 608 S.E.2d at 338).

1. RSC’s Substantial Right Showing

 RSC alleges the orders affect its substantial right to “duty-to-defend coverage

for currently pending lawsuits” because the orders “eliminat[e] or severely limit[ ] its

ability to obtain a defense from its [i]nsurers in currently pending products liability

suits.” In the statement of the grounds for appellate review section of its principal

brief, RSC makes a bare citation to our decision in Cinoman v. Univ. of N. Carolina,

234 N.C. App. 481, 764 S.E.2d 619, disc. rev. denied, __ N.C. __, 763 S.E.2d 383 (2014),

and asserts: “Where, as here, there is a pending suit or claim, ‘an interlocutory order

concerning the issue of whether an insurer has a duty to defend in the underlying

action “affects a substantial right that might be lost absent immediate appeal.” ’ ” Id.

at 483, 764 S.E.2d at 621–22 (quoting Lambe Realty Inv., Inc. v. Allstate Ins. Co., 137

N.C. App. 1, 4, 527 S.E.2d 328, 331 (2000)). Yet RSC neither applies nor analogizes

the facts or procedural posture of Cinoman to its case and, therefore, fails to establish

adequately that our finding of a substantial right in Cinoman controls here.

 In Cinoman, the plaintiffs, Dr. Cinoman and his malpractice insurer, appealed

from an interlocutory injunction order staying their declaratory judgment action

 - 14 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

brought on the issue of whether the defendant, UNC, owed defense and indemnity in

a pending medical malpractice action. Id. at 482–83, 764 S.E.2d at 621. UNC had

denied coverage and the patient demanded damages exceeding applicable

malpractice insurance policy limits. Id. at 483, 764 S.E.2d at 621. The interlocutory

injunction order on appeal stayed the plaintiff’s declaratory judgment proceedings

pending resolution the underlying malpractice action. Id. Accordingly, we concluded

the order, which stayed an action brought on the issue of whether defense was owed

in the underlying action, “concern[ed] the issue of whether an insurer has a duty to

defend in the underlying action,” and found a substantial right justifying immediate

review. Id. at 483, 764 S.E.2d at 621–22.

 Here, conversely, no order RSC appeals stays a declaratory judgment action

brought on the issue of whether an insurer owes it defense in a particular claim

pending resolution of that underlying claim. Nor do RSC’s appeals arise from an

action in which it alleges a particular insurer owes it defense in a particular claim.

Rather, RSC’s appeals arise from an action in which it seeks a declaration of the

extent to which multiple insurers owe it a duty “to pay for defense costs and

indemnity incurred” in hundreds of unidentified past claims and future claims

brought against it. Further, RSC pointed this Court to no facts underlying any

allegedly pending claim, such as whether, as in Cinoman, coverage has been denied,

or whether damages demanded would exceed reachable coverage limits. RSC’s bare

 - 15 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

assertions that claims are pending against it and that these the orders concern the

issue of whether an insurer owes defense in those claims, without further facts or

argument, fails to demonstrate that our decision in Cinoman to find a substantial

right controls its case.

 In Lambe, we first acknowledged that an insured may be entitled to

interlocutory review of an order “of partial summary judgment on the issue of

whether [the insurer] has a duty to defend [the insured] in [an] underlying action,”

137 N.C. App. at 4, 527 S.E.2d at 331, because “the duty to defend involves a

substantial right to . . . the insured,” id. (quoting Gen. Accident Ins. Co. v. Ins. Co. of

N. Am., 44 Ohio St. 3d 17, 21–22, 540 N.E.2d 266, 271 (1989)). In recognizing this

right, we explained that when an insurer denies coverage in a pending claim, “the

insured often must choose to settle the suit as quickly as possible in order to avoid

costly litigation, bring a declaratory judgment action against the insurer seeking a

declaration that there is a duty to defend, or defend the suit without help from the

insurer.” Id. (quoting Gen. Accident Ins. Co., 44 Ohio St. 3d at 21–22, 540 N.E.2d at

271).

 Since Lambe, the duty-to-defend substantial right exception has been applied

to permit an insured interlocutory review an order deciding the ultimate duty-to-

defend issue when an identified claim is pending against it and the order arose from

an action in which the insured alleged that it was owed defense in that claim. See

 - 16 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

Enter. Leasing Co. v. Williams, 177 N.C. App. 64, 67–68, 627 S.E.2d 495, 497–98

(2006) (finding the insured had substantial right where order declared, in part, its

insurer owed “no duty to defend” in claim pending against it). This exception has also

been applied to review an interlocutory order that stayed declaratory judgment

proceedings brought on the ultimate duty-to-defend issue in a particular claim. See

Cinoman, 234 N.C. App. at 483, 764 S.E.2d at 621–22. Heretofore, however, the duty-

to-defend substantial right exception has never been applied to interlocutory orders

that concern not the ultimate duty-to-defend issue with respect to a particular

pending claim but resolve ancillary coverage disputes with respect to numerous

unidentified claims, orders that merely may indirectly affect the duty-to-defend issue

if applied to an allegedly pending claim. See Paradigm Consultants, Ltd. v. Builders

Mut. Ins. Co., 228 N.C. App. 314, 319, 745 S.E.2d 69, 73 (2013) (finding no substantial

right, in part, because, although order dismissed the insurer’s affirmative defenses,

it “did not address the ultimate issue of whether [the insurer] owed [the insured] a

duty to defend and indemnify” in pending claim).

 In this case, the orders RSC appeals decide the proper trigger theory and cost

allocation method, as well as policy exhaustion method by which Landmark’s and

Zurich’s umbrella coverage obligations attach, with respect to numerous unidentified

claims. But no order directly decides or stays a decision on the ultimate duty-to-

defend issue with respect to any particular claim. Although we are cognizant that

 - 17 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

certain orders may implicate the duty-to-defend issue to differing degrees depending

upon the facts of an allegedly pending claim, RSC advanced no legal argument for

expanding the duty-to-defend substantial right exception to orders that do not

directly decide this ultimate issue. Additionally, unlike the appeals in Enterprise

Leasing Co. and Cinoman, which arose from an allegation that an insurer owed

defense in a particular pending claim, RSC’s appeals arise from its allegation that

multiple insurers owe it a “duty to pay for defense costs and indemnity incurred” in

numerous unidentified claims. RSC advanced no argument for expanding this

exception to appeals arising not from an allegation that an insurer owes defense in a

particular pending claim but in hundreds of resolved, and a few allegedly pending,

unidentified claims. Further, neither RSC shows adequately nor does the record

indicate how delaying RSC’s appeals until final judgment would force it to settle suits

quickly, bring another declaratory judgment action, or leave it unable to mount an

adequate defense in any claim. See Lambe, 137 N.C. App. at 4, 527 S.E.2d at 331.

“[W]e take a restrictive view of the substantial right exception to the general rule

prohibiting immediate appeals from interlocutory orders.” Hamilton v. Mortg. Info.

Servs., Inc., 212 N.C. App. 73, 78, 711 S.E.2d 185, 189 (2011) (citation, quotation

marks, and brackets omitted).

 Yet “[r]ecognizing that ‘the “substantial right” test for appealability of

interlocutory orders is more easily stated than applied,’ . . . it is ‘usually necessary to

 - 18 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

resolve the question in each case by considering the particular facts of that case and

the procedural context in which the order from which appeal is sought was entered.’ ”

Hanesbrands, __ N.C. at __, 794 S.E.2d at 500 (quoting Waters, 294 N.C. at 208, 240

S.E.2d at 343). Generally, “each interlocutory order must be analyzed to determine

whether a substantial right is jeopardized by delaying the appeal.” Stetser v. TAP

Pharm. Prod., Inc., 165 N.C. App. 1, 11, 598 S.E.2d 570, 578 (2004).

 Here, the Trigger Order and Allocation Order decide the proper theory of

triggering coverage and method of allocating defense and indemnity costs in

hundreds of past and future claims brought against RSC. In the Zurich Indemnity

Obligations Order, the court ruled that Zurich owes no duty to indemnify RSC until

RSC demonstrates that it has exhausted the liability-retained limit of Zurich’s

umbrella policy, which the court ruled RSC cannot erode by applying its indemnity

costs paid or liabilities incurred without Zurich’s consent. Zurich’s policy provided $5

million in umbrella liability coverage per occurrence and in annual aggregate, with a

$10,000.00 liability-retained limit per claim, for the 13 November 1982–13 November

1983 policy period. In the Landmark Partial Summary Judgment Order, the court

ruled that the Landmark umbrella policies may afford RSC a duty to defend in a

given benzene action where all applicable underlying policies have been exhausted

by payments or settlements on RSC’s behalf. These policies provided umbrella

coverage in $10 million or $8 million per occurrence and annual aggregate amounts,

 - 19 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

with a $10,000.00 retained limit, for nearly annual policy periods spanning from 8

October 2003 to 1 May 2014.

 RSC asserts in a footnote to its brief that, as of 31 October 2016, thirty-nine

benzene claims remain pending against it, and argues the orders would work injury

to its substantial right to insurance defense in those claims if not immediately

reviewed because the Allocation Order “restricted the [i]nsurers’ duty to defend RSC

to a small fraction of its litigation costs under the guise of pro rata allocation”; the

Trigger Order “reduced the number of policies available to defend RSC by applying

the more restrictive ‘exposure’ trigger of coverage”; the Landmark Partial Summary

Judgment Order “eliminated RSC’s right to a defense from Landmark due to

application of ‘horizontal exhaustion’ ”; and the Zurich Horizontal Exhaustion Order

“delayed RSC’s right to a defense under Zurich’s umbrella policy by barring RSC from

properly counting settlements which did not require Zurich’s consent toward

exhausting underlying limits.” Yet RSC never explained the practical impact

applying any of these orders would have on its right to insurance defense in any

allegedly pending claim.

 RSC pointed this Court to no factual predicate underlying an allegedly pending

benzene claim, nor did it identify any pending asbestos claims. See Paradigm, 228

N.C. App. at 319, 745 S.E.2d at 73 (finding no substantial right when underlying

litigation had resolved). Additionally, the record reveals that the trial court entered

 - 20 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

an order declaring that three insurers owed RSC defense in benzene claims. These

insurers issued RSC seven reachable policies providing primary liability coverage for

certain annual periods within the 1981–1992 coverage block in differing amounts,

subject to differing policy limits, deductibles, and retentions. In light of this order

and RSC’s failure to point us to any relevant facts in any allegedly pending claim—

such as, whether insurers have denied coverage, the period in which claimants

alleged exposure to RSC’s benzene-containing products or evidence indicates suffered

an injury-in-fact, or the amount of damages demanded—this Court is unable to

determine which policy periods may be implicated, which policies may be triggered,

the extent to which RSC may be entitled to reachable primary coverage, or the extent

to which excess or umbrella coverage might attach in any particular claim.

 Because RSC failed to present sufficient facts and argument explaining the

practical consequence of applying any order to any allegedly pending claim, especially

in light of being entitled to some defense, this Court cannot meaningfully assess the

extent to which any order may actually impact its right to defense in a pending claim

or the extent to which any order may work injury if not immediately reviewed. Nor

is it “the duty of this Court to construct arguments for or find support for an

appellant’s right to appeal; the appellant must provide sufficient facts and argument

to support appellate review on the ground that the challenged order affects a

substantial right.” Wells Fargo Bank, N.A. v. Corneal, 238 N.C. App. 192, 194, 767

 - 21 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

S.E.2d 374, 376 (2014) (citing Hamilton, 212 N.C. App. at 79, 711 S.E.2d at 190).

Because RSC has failed to demonstrate the applicability of its alleged substantial

right exception to its particular case, we dismiss its appeals. See Hanesbrands, __

N.C. at __, 794 S.E.2d at 499 (“Where the appellant fails to carry the burden of

making such a showing to the court, the appeal will be dismissed.” (citation omitted)).

2. Fireman’s Fund’s Substantial Right Showing

 Fireman’s Fund contends the Trigger Order affects substantial rights. It

argues application of exposure trigger absolves certain insurers of their defense

duties in pending claims, duties that may be triggered if injury-in-fact trigger were

applied. Yet other than this bare assertion, Fireman’s Fund advances no further

showing of how applying exposure trigger would actually impact any particular claim.

Although we recognize the Trigger Order may implicate different insurers’ defense

duties, as we concluded above, insufficient facts and arguments have been advanced

for this Court meaningfully to assess the Trigger Order’s practical effect on any

allegedly pending claim.

 National Union argues Fireman’s Fund cannot establish appellate jurisdiction

on the basis that the Trigger Order affects its substantial rights because the trial

court entered an order declaring that Fireman’s Fund owed RSC no duty to defend

absent its consent. We agree.

 - 22 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

 In Peterson v. Dillman, __ N.C. App. __, 782 S.E.2d 362 (2016), we rejected a

similar substantial right argument advanced by an automobile insurer which

attempted to appeal an interlocutory order that declared its policy covered a pending

claim because, in light of an applicable statute, the order’s practical effect was to

permit but not require the insurer to defend in that pending claim. Id. at __, 782

S.E.2d at 367 (“We cannot agree with [the insurer] that its choice to enter the action

is tantamount to a duty to defend an insured”.). Here, the trial court entered an order

declaring that Fireman’s Fund owed RSC no defense duty absent Fireman’s Fund’s

consent. As in Peterson, we conclude Fireman’s Fund’s ability but not duty to defend

RSC does not implicate its substantial rights. Further, Fireman’s Fund makes no

showing as to how the Trigger Order would work injury to it if not reviewed before

final judgment. See Harris, 361 N.C. at 270, 643 S.E.2d at 569 (“It is not

determinative that the trial court’s order affects a substantial right. The order must

also work injury if not corrected before final judgment.”).

 Because applying the Trigger Order has no practical effect on Fireman’s Fund’s

substantial rights, it cannot establish appellate jurisdiction on this basis. See Sharpe

v. Worland, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (“[A]n interlocutory order

affects a substantial right if the order ‘deprive[s] the appealing party of a substantial

right which will be lost if the order is not reviewed before a final judgment is

 - 23 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

entered.’ ” (emphasis added) (quoting Cook v. Bankers Life & Cas. Co., 329 N.C. 488,

491, 406 S.E.2d 848, 850 (1991)).

3. United National’s and Zurich’s Substantial Right Showing

 United National and Zurich make no substantial right showing. These parties

concede no order affects their substantial rights and contend that RSC’s and

Fireman’s Fund’s appeals and cross-appeals, as well as their own, should be

dismissed at this stage in litigation. Because we dismiss RSC’s and Fireman’s Fund’s

appeals, we also dismiss United National’s and Zurich’s cross-appeals.

4. Other Avenues of Establishing Jurisdiction

 As a secondary matter, we note that RSC and Fireman’s Fund could have

attempted to establish appellate jurisdiction by obtaining a Rule 54(b)-certification

on any of these interlocutory orders. See Duncan, 366 N.C. at 545, 742 S.E.2d at 801

(“Certification under Rule 54(b) permits an interlocutory appeal from orders that are

final as to a specific portion of the case, but which do not dispose of all claims as to

all parties.”). These parties either did not seek Rule 54(b)-certification or were

unsuccessful in persuading the trial court to certify any of its orders as appropriate

for immediate appellate review. Because these orders were not Rule 54(b)-certified,

they are subject to change until entry of a final judgment. N.C. Gen. Stat. § 1A-1,

Rule 54(b) (“[I]n the absence of entry of such a final judgment, any order or other form

of decision is subject to revision at any time before the entry of judgment adjudicating

 - 24 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

all the claims and the rights and liabilities of all the parties.”); see also Greene v.

Charlotte Chem. Labs., Inc., 254 N.C. 680, 693, 120 S.E.2d 82, 91 (1961) (“[A]n

[interlocutory] order . . . is subject to change by the court during the pendency of the

action to meet the exigencies of the case.”).

 We also acknowledge that Fireman’s Fund has filed a petition for writ of

certiorari, which RSC has joined, requesting appellate review of any interlocutory

order deemed unappealable. In our discretion, we deny the petition.

 The general prohibition against entertaining interlocutory appeals exists “to

eliminate the unnecessary delay and expense of repeated fragmentary appeals,”

Edwards, 234 N.C. at 529, 67 S.E.2d at 671, and to “permit[ ] the trial divisions to

have done with a case fully and finally before it is presented to the appellate division,”

Waters, 294 N.C. at 207, 240 S.E.2d at 343. We reiterate that “ ‘[t]here is no more

effective way to procrastinate the administration of justice than that of bringing cases

to an appellate court piecemeal through the medium of successive appeals from

intermediate orders.’ ” Harris v. Matthews, 361 N.C. 265, 269, 643 S.E.2d 566, 568–

69 (2007) (quoting Veazey, 231 N.C. at 363, 57 S.E.2d at 382). At this stage in

litigation, significant non-collateral issues such as damages remain disputed and

pending and it is unclear from the record the extent to which other claims, including

RSC’s two individual claims against National Union, have been resolved. We

conclude that “[t]his case should be reviewed, if at all, in its entirety and not

 - 25 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

piecemeal.” Tridyn Indus., 296 N.C. at 494, 251 S.E.2d at 449 (dismissing as

untimely appeal from interlocutory order resolving issue of liability coverage but

leaving unresolved issue of damages and denying the appellant’s writ of certiorari as

a means to otherwise establish appellate jurisdiction).

 III. Conclusion

 The six orders on appeal or cross-appeal are interlocutory. None were Rule

54(b)-certified by the trial court which entered them as appropriate for immediate

appellate review. Nor has any party sufficiently demonstrated how any order affects

its substantial rights and would work injury absent immediate review.

 RSC failed to establish how the orders would irreparably affect its substantial

right to insurance defense in allegedly pending benzene claims, especially in light of

the particular facts and posture of its case. No order decides the ultimate duty-to-

defend issue with respect to any particular claim. RSC failed to advance a sufficient

argument for expanding the duty-to-defend substantial right exception to any order

that may have a secondary effect on this ultimate issue, which arose from an action

brought not on any particular pending claim but on numerous unidentified claims.

RSC failed to present sufficient facts underlying any allegedly pending benzene

claim, is entitled to some defense for benzene claims, and failed to show how applying

any order would practically impact its defense in any pending claim, especially in

light of reachable primary coverage. Fireman’s Fund cannot establish that the

 - 26 -
 RADIATOR SPECIALTY CO. V. ARROWOOD INDEM. CO.

 Opinion of the Court

Trigger Order affects its substantial rights because it owes RSC no defense duty

absent its consent. The remaining insurers argue these appeals and their own cross-

appeals should be dismissed at this stage in litigation and we agree.

 We dismiss these appeals and cross-appeals so that all issues may be fully and

finally resolved before appellate review.

 DISMISSED.

 Judges DILLON and ZACHARY concur.

 - 27 -