PARADIGM CONSULTANTS, LTD, Plaintiff

v.

BUILDERS MUTUAL INSURANCE CO., Defendant/Third Party Plaintiff

v.

CHARLES G. RAYMOND and KIMBERLY G. RAYMOND, Third-Party Defendants

No. COA12-1576

Filed 16 July 2013

**Appeal and Error—interlocutory orders and appeals—duty to defend prior action—coverage for claims—no substantial right**

Defendant insurance company's appeal and plaintiff contractor's cross-appeal from an interlocutory order in a case arising from construction claims was dismissed because the prior litigation was concluded and there was no substantial right involving the question of whether defendant had a duty to defend the prior action or whether there was coverage for the claims raised in the prior action.

Appeal by defendants from order entered 2 October 2012 by Judge Gary M. Gavenus in Watauga County Superior Court. Heard in the Court of Appeals 8 May 2013.

PARADIGM CONSULTANTS, LTC. v. BUILDERS MUT. INS. CO.

[228 N.C. App. 314 (2013)]

*Shumaker, Loop & Kendrick, LLP, by Andrew S. Culicerto, Christian H. Staples & Michael G. Sanderson, for plaintiff-cross-appellant.*

*Nelson Levine de Luca & Hamilton, by John I. Malone, Jr. & David L. Brown, for defendant-appellants.*

STEELMAN, Judge.

Where the trial court granted summary judgment to plaintiff as to one of defendant's defenses, but denied summary judgment as to the balance of the issues raised by plaintiff and defendant, the order of the trial court is interlocutory. Where the prior litigation was concluded, there is no substantial right to have the interlocutory appeal heard on the questions of whether defendant had a duty to defend the prior action or whether there was coverage for the claims raised in the prior action.

## I. Factual and Procedural Background

On 18 August 2008, Paradigm Consultants, Ltd. ("Paradigm") brought suit against Charles and Kimberly Raymond ("the Raymonds"), seeking payment for construction work performed by Paradigm on the Raymonds' residence. On 20 November 2008, the Raymonds filed an answer and counterclaim, alleging breach of contract, breach of a duty of workmanlike performance, unfair and deceptive trade practices, breach of implied warranty of workmanship, and negligence. On 21 November 2008, a copy of the answer and counterclaim was faxed to Matthew Collins ("Collins"), owner and president of Paradigm. On 13 March 2009, Collins contacted Paradigm's insurer, Builders Mutual Insurance Co. ("BMI"), and advised BMI of a dispute with the Raymonds, but did not advise BMI that a counterclaim had been filed against Paradigm.

On 15 December 2009, the Raymonds amended their counterclaim to add subcontractors who worked on their residence as third party defendants. On 19 February 2010, BMI received a copy of the Raymonds' Second Amended Answer and Counterclaim from a subcontractor's insurer. On 29 March 2010, BMI sent a reservation of rights letter to Paradigm, stating that BMI understood the following: that Paradigm had sought recovery from the Raymonds, who had filed counterclaims; that BMI had not previously been made aware of the counterclaims; that the claim originated from work commenced in 1998 and 1999 and continued until 2008; that BMI's insurance coverage was only for the time period from 28 August 2002 through 28 March 2008; that the policy did not cover anything outside of that time period;

and that there was no written contract prior to suits between Paradigm and the Raymonds. BMI concluded that there was no coverage for the Raymonds' claims against Paradigm, pursuant to Exclusion L of the policy; that Exclusions J(5) and J(6) excluded from coverage any damage for work performed by Paradigm and its subcontractors; that neither the indemnity nor the defense clauses of the policy were triggered; that Paradigm should contact its current insurance carrier; and further that BMI was not promptly notified of the Raymonds' counterclaims as required by the policy. The letter explicitly reserved BMI's rights under the policy, and stated that it was referring the issue to outside counsel to determine whether any indemnity or defense duties existed under the insurance policy. On 21 October 2010, BMI's outside counsel confirmed that BMI had no duty to indemnify or defend Paradigm with respect to the Raymonds' claims.

The Raymonds and Paradigm subsequently entered into a settlement agreement that Paradigm would agree to pay the Raymonds $2.5 million in settlement of all claims. The Raymonds agreed to pay Paradigm $220,000.00 to address another dispute between the parties. The Raymonds further agreed to forego enforcement and collection of the $2.5 million if Paradigm agreed to seek coverage for the settlement amount from BMI. The Raymonds agreed to finance the litigation and have their attorneys represent Paradigm in the action against BMI, with the stipulation that the first $150,000.00 of any settlement with BMI would be paid to the Raymonds, and any other funds received would be divided 92.5% to the Raymonds and 7.5% to Paradigm.

On 24 May 2011, Paradigm brought this action against BMI, alleging breach of contract, bad faith, and unfair and deceptive trade practices. On 12 August 2011, BMI filed motions to dismiss, to transfer venue, to strike the portions of the complaint stating the amount of relief sought, and an answer. On 20 June 2012, Paradigm filed an amended complaint. On 10 July 2012, BMI answered the amended complaint, and on 6 August 2012, BMI filed a third-party complaint against the Raymonds. On 15 August 2012, Paradigm filed a motion for partial summary judgment on three issues: (1) that BMI breached its duty to defend Paradigm, (2) that BMI had waived the contractual exclusions it alleged in its answer, and (3) on BMI's champerty and maintenance defense. On 16 August 2012, BMI filed a motion for summary judgment on all issues. On 10 October 2012, the trial court entered an order denying BMI's motion for summary judgment and granting Paradigm's motion for summary judgment as to BMI's defense of champerty and maintenance. The balance of Paradigm's motion for summary judgment was denied.

On 15 October 2012, the trial court stayed further proceedings pending appeal. The trial court did not certify its order on summary judgment as a final order pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.

BMI appeals. Paradigm cross-appeals.

## II. Interlocutory Appeal

We must first determine whether any appeal from the trial court's interlocutory order is properly before us.

### A. Standard of Review

A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court. An interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy.

*Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (citations omitted). "Generally, there is no right of immediate appeal from interlocutory orders and judgments." *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990).

"[W]hen an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.' " *Johnson v. Lucas*, 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (quoting N.C.R. App. P. 28(b)(4)), *aff'd per curiam*, 360 N.C. 53, 619 S.E.2d 502 (2005).

"The appellants must present more than a bare assertion that the order affects a substantial right; they must demonstrate *why* the order affects a substantial right." *Hoke Cty. Bd. of Educ. v. State*, 198 N.C. App. 274, 277-78, 679 S.E.2d 512, 516 (2009). "Admittedly the 'substantial right' test for appealability of interlocutory orders is more easily stated than applied. It is usually necessary to resolve the question in each case by considering the particular facts of that case and the procedural context in which the order from which appeal is sought was entered." *Waters v. Qualified Personnel, Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978).

### B. Analysis

BMI contends that the trial court's interlocutory order affects a substantial right because it involves a liability insurer's duty to defend its

insured. BMI contends that the issue of whether an insurer has a duty to defend the insured in an underlying action affects substantial rights that may be lost absent immediate appeal. BMI further contends that the trial court's order dismissed BMI's affirmative defense of champerty and maintenance that would have rendered void the settlement agreement which supplies the basis for Paradigm's claims against BMI. Paradigm contends that the trial court's order affected Paradigm's right to be defended by BMI, and is therefore immediately appealable.

The parties cite to our decision in *Lambe Realty Inv., Inc. v. Allstate Ins. Co.*, 137 N.C. App. 1, 527 S.E.2d 328 (2000), in which we held that "the order of partial summary judgment on the issue of whether Allstate has a duty to defend LRI in the underlying action affects a substantial right that might be lost absent immediate appeal." *Id.* at 4, 527 S.E.2d at 331. We hold that *Lambe* is not controlling based on the facts of the instant case.

In *Lambe*, the plaintiff filed a declaratory judgment action against its insurer, Allstate, seeking a judicial determination that Allstate owed a duty to defend it and to indemnify it. Underlying that case was a pending action filed by the Kippes against Lambe, "asserting claims for breach of contract, negligence, breach of warranty, breach of implied covenant of quiet enjoyment, constructive eviction, and unfair and deceptive trade practices." *Id.* at 2, 527 S.E.2d at 330. The Kippes had contracted with Lambe to move the Kippes' mobile home and secure it on a foundation at a new site. According to the complaint in the underlying action, Lambe moved the home but "left it in an uninhabitable position." When Lambe refused to do any further work, the Kippes undertook to reposition the home themselves, resulting in severe damage to the home. *Id.* The Kippes filed a complaint. Lambe notified its insurer, Allstate. Allstate determined that Lambe's policy excluded coverage, and Lambe brought a declaratory judgment action against Allstate to determine Allstate's duty to defend. On summary judgment, the trial court held that Allstate owed such a duty. *Id.* at 3, 527 S.E.2d at 330. On appeal, we held that the duty of an insurer to defend the insured was a substantial right. *Id.* at 4, 527 S.E.2d at 330-31. This substantial right supported an interlocutory appeal by Allstate.

The *Lambe* case and the instant case are factually distinguishable. In *Lambe*, the declaratory judgment action was brought against the insurer during the pendency of the Kippes' action against Lambe. As a result, it was clear that a determination by the trial court as to whether Allstate had a duty to defend Lambe would impact a substantial right. In the instant case, however, Paradigm brought its action against BMI after

the litigation with the Raymonds had been concluded. A determination that BMI does or does not owe a duty to Paradigm will not change the resolution of the prior case. Thus, in the instant case, as opposed to *Lambe*, Paradigm's right to be defended by its insurer is not a substantial right under either N.C. Gen. Stat. § 1-277 or N.C. Gen. Stat. § 7A-27(d) which would give rise to the right to bring an interlocutory appeal.

Further, in the instant case, we are not dealing with the trial court's determination as to whether BMI owed a duty to defend Paradigm or the scope of Paradigm's coverage. We are dealing with the trial court's rulings: (1) that BMI's defense of champerty and maintenance was dismissed, and (2) that there were genuine issues of material fact rendering summary judgment inappropriate as to the remaining issues before the court on summary judgment. The trial court's order did not address the ultimate issue of whether BMI owed Paradigm a duty to defend and indemnify. We hold that this case is distinguishable from *Lambe*. BMI has failed to demonstrate a substantial right affected by the trial court's order.

In its cross-appeal, Paradigm contends that the trial court erred in denying its motion for summary judgment as to BMI's duty to defend in the prior lawsuit and that BMI waived any conditions contained in its policy. Paradigm also relies upon *Lambe* as a basis for a substantial right. As discussed above, the instant case does not involve other pending litigation, and therefore the holding in *Lambe* is not applicable.

Where multiple claims are raised and only one or some are addressed in an order, that order is interlocutory and ordinarily is not appealable. *See White v. Carver*, 175 N.C. App. 136, 139, 622 S.E.2d 718, 720 (2005). Where one or more issues remain before the trial court, the trial court may certify the matter for appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure. *See Wilkerson v. Norfolk S. Ry. Co.*, 151 N.C. App. 332, 336, 566 S.E.2d 104, 107 (2002); *Yordy v. N.C. Farm Bureau Mut. Ins. Co.*, 149 N.C. App. 230, 231, 560 S.E.2d 384, 385 (2002); N.C. R. Civ. P. 54(b). In the instant case, however, the trial court did not certify the matter for appeal.

We hold that neither BMI nor Paradigm has demonstrated the existence of a substantial right that would support this Court hearing their interlocutory appeals. The appeal of BMI and the cross-appeal of Paradigm are dismissed.

DISMISSED.

Judges CALABRIA and McCULLOUGH concur.