TYSON, Judge.
 

 *240
 
 GuideOne Mutual Insurance Company ("GuideOne"), an unnamed defendant, appeals from an order denying its motion for summary judgment and granting partial summary judgment in favor of Janice N. Peterson ("Plaintiff"). The order appealed from does not contain a Rule 54(b) certification by the trial court.
 

 GuideOne has failed to clearly demonstrate a substantial right, which would be lost absent immediate appellate review. We dismiss GuideOne's interlocutory appeal.
 

 I. Background
 

 Plaintiff was employed as a home-health nurse for HomeCare Management Services, LLC ("HomeCare"). Plaintiff drove her personal vehicle to clients' homes to perform healthcare services as a part of her employment. On 1 June 2011, HomeCare purchased an insurance policy with GuideOne ("the GuideOne Policy") which provided liability insurance for "covered 'autos.' " Sometime prior to 30 December 2011, Plaintiff's personal vehicle was damaged in a car accident. While her vehicle was being repaired, Plaintiff rented a 2012 Dodge Avenger for her personal and employment use.
 

 *241
 
 On 30 December 2011, Plaintiff was driving the rented Dodge Avenger from HomeCare's offices to her first appointment of the day. While en route, Plaintiff was struck head-on by a car being driven by Jacob Dillman. Dillman allegedly had swerved to avoid hitting a stopped car in his lane of travel. The airbags in the Dodge Avenger failed to deploy during the crash. Plaintiff suffered catastrophic injuries.
 

 On 25 April 2013, Plaintiff filed the present lawsuit against Chrysler Group, LLC; EAN Holdings, LLC; Enterprise Leasing Company-Southeast, LLC; TRW Automotive U.S., LLC; Nancy Pearson Dillman, and Jacob P. Dillman in connection with the 30 December 2011 collision. Plaintiff subsequently filed an amended complaint adding Enterprise Holdings, Inc. as a defendant. Due to their status as potential underinsured motorist carriers, and consistent with
 
 N.C. Gen. Stat. § 20279.21
 
 (2013), Plaintiff sent copies of the complaint and summons to both GuideOne and at least one other unnamed defendant, Ironshore Specialty Insurance Group ("Ironshore").
 

 On 14 November 2014, Plaintiff filed a notice of voluntary dismissal with prejudice of the complaint, which had asserted claims against Chrysler Group, LLC; EAN Holdings, LLC; Enterprise Holdings, Inc.; Enterprise Leasing Company-Southeast, LLC; and TRW Automotive U.S. LLC.
 

 *365
 
 On 9 October 2013, GuideOne filed an answer to the complaint. Plaintiff filed an amended complaint on 4 November 2013, and GuideOne filed an answer and counterclaim on 9 December 2013.
 

 On 23 January 2015, GuideOne moved for summary judgment. GuideOne contended its policy does not provide underinsured motorist coverage ("UIM coverage") for Plaintiff's injuries, because the rented Dodge Avenger was not an "insured vehicle" for the purposes of UIM coverage under the policy. On 30 January 2013, Plaintiff filed a cross-motion for summary judgment.
 

 GuideOne's and Plaintiff's cross-motions were scheduled to be heard on 9 February 2015. Earlier that day, and prior to the hearing on those motions, the trial court granted Plaintiff's motion for summary judgment against unnamed defendant Ironshore, due to a failure to appear or to respond to the complaint. Plaintiff's counsel represented to the court that because the Ironshore claim had been dealt with, the claim involving GuideOne was the "only thing left" in the lawsuit.
 

 On 18 February 2015, the trial court granted Plaintiff's cross-motion for summary judgment, and denied GuideOne's motion for summary
 
 *242
 
 judgment. The court "declar[ed] that GuideOne's policy does provide Plaintiff with [UIM coverage] payment not exceeding the applicable limits of the policy in the amount of $1,000,000.00 plus interest from the date of the entry of this judgment." On 9 March 2015, after entry of the trial court's order, but before entry of GuideOne's notice of appeal, the trial court vacated and set aside the grant of summary judgment and default judgment entered against Ironshore.
 

 GuideOne filed a notice of appeal on 12 March 2015.
 

 II. Issues
 

 GuideOne contends the trial court erred by determining: (1) the GuideOne policy provides UIM coverage to Plaintiff for injuries she sustained from the collision; (2) the Financial Responsibility Act, N.C. Gen.Stat. § 20-279.21
 
 et seq
 

 ,
 
 required UIM coverage for the collision; and (3) the UIM policy limits under the GuideOne policy available to Plaintiff are $1,000,000.00.
 

 III. Appellate Jurisdiction
 

 We must first determine whether GuideOne's appeal is properly before this Court. An appeal is interlocutory when noticed from an order entered during the pendency of an action, which does not dispose of the entire case and where the trial court must take further action in order to finally determine the rights of all parties involved in the controversy.
 
 See
 

 Veazey v. City of Durham,
 

 231 N.C. 357
 
 , 362,
 
 57 S.E.2d 377
 
 , 381 (1950). An interlocutory order does not settle all pending issues and "directs some further proceeding ... to [reach] the final decree."
 
 Heavner v. Heavner,
 

 73 N.C.App. 331
 
 , 332,
 
 326 S.E.2d 78
 
 , 80 (citation omitted),
 
 disc. review denied,
 

 313 N.C. 601
 
 ,
 
 330 S.E.2d 610
 
 (1985).
 

 Here, the trial court's order denying GuideOne's motion for summary judgment and partially granting Plaintiff's cross-motion for summary judgment did not settle all of the pending issues in the case. The trial court's order did not dispose of Plaintiff's claims against Ironshore, and issues of liability and damages remain.
 

 The Ironshore claim was revived when the trial court vacated the default judgment previously entered against it. Further, as GuideOne concedes in its brief, the trial court must determine other facets of the claim, such as stacking, offsets, and credits under the GuideOne policy. During oral arguments, counsel stated issues of liability and damages also remain pending. The trial court's order is not a final judgment. Plaintiff's appeal is interlocutory.
 

 *243
 

 A. Appeal from an Interlocutory Order
 

 An interlocutory order is generally not immediately appealable.
 
 Earl v. CGR Dev. Corp.,
 
 --- N.C.App. ----, ----,
 
 773 S.E.2d 551
 
 , 553 (2015) ; N.C. Gen.Stat. § 1A-1, Rule 54(b) (2013). The "general prohibition against immediate appeal exists because '[t]here is no more effective way to procrastinate the administration of justice than that of bringing cases to an appellate court piecemeal through the medium of successive appeals from intermediate orders.' "
 
 Harris v.
 

 *366
 

 Matthews,
 

 361 N.C. 265
 
 , 269,
 
 643 S.E.2d 566
 
 , 568-69 (2007) (quoting
 
 Veazey,
 

 231 N.C. at 363
 
 ,
 
 57 S.E.2d at
 
 382 ). However,
 

 there are two avenues by which a party may immediately appeal an interlocutory order or judgment. First, if the order or judgment is final as to some but not all of the claims or parties, and the trial court certifies the case for appeal pursuant to N.C. Gen.Stat. § 1A-1, Rule 54(b), an immediate appeal will lie. Second, an appeal is permitted under N.C. Gen.Stat. §§ 1-277(a) and 7A-27(d)(1) if the trial court's decision deprives the appellant of a substantial right which would be lost absent immediate review.
 

 Feltman v. City of Wilson,
 
 --- N.C.App. ----, ----,
 
 767 S.E.2d 615
 
 , 619 (2014). Here, the order appealed from does not contain a N.C. Gen.Stat. § 1A-1, Rule 54(b) certification by the trial court.
 
 Branch Banking & Trust Co. v. Peacock Farm, Inc.,
 
 --- N.C.App. ----, ----,
 
 772 S.E.2d 495
 
 , 499,
 
 aff'd per curiam,
 
 - -- N.C. ----,
 
 780 S.E.2d 553
 
 (2015).
 

 The merits of GuideOne's interlocutory appeal may only be considered if GuideOne demonstrates its deprivation of some substantial right that would be lost absent immediate appeal.
 
 See
 

 Sharpe v. Worland,
 

 351 N.C. 159
 
 , 162,
 
 522 S.E.2d 577
 
 , 579 (1999) ("Essentially a two-part test has developed-the right itself must be substantial and the deprivation of that substantial right must potentially work injury ... if not corrected before appeal from final judgment." (citation omitted)).
 

 B. Substantial Right Analysis
 

 GuideOne argues the trial court's order affects a substantial right because: (1) whether GuideOne provides UIM coverage determines whether it has a right to participate in the underlying action; and (2) the finding below is analogous to a duty to defend. We reject both of GuideOne's contentions.
 

 *244
 

 1. Right to Participate in Underlying Action
 

 To demonstrate a substantial right, GuideOne points to the language of N.C. Gen.Stat. § 20-279.21(b)(4), which provides in relevant part:
 

 Upon receipt of notice [of the complaint], the underinsured motorist insurer shall have the right to appear in defense of the claim without being named as a party therein, and without being named as a party may participate in the suit as fully as if it were a party. The underinsured motorist insurer may elect, but may not be compelled, to appear in the action in its own name and present therein a claim against other parties[.]
 

 N.C. Gen.Stat. § 20-279.21(b)(4) (2013). GuideOne argues
 
 N.C. Gen. Stat. § 20279.21
 
 (b)(4) only allows a UIM carrier the right to appear in defense of the claim. Whether GuideOne is a UIM carrier is a threshold question of whether it may participate in the suit.
 

 GuideOne correctly asserts an insurer must be an "underinsured motorist insurer" before it can participate.
 

 Id.
 

 GuideOne cannot demonstrate a substantial right on this issue. The trial court's order ordered, adjudged, and decreed that "GuideOne's policy does provide Plaintiff with underinsured motorist coverage payments[.]" Under the trial court's order, and for the purpose of N.C. Gen.Stat. § 20-279.21(b)(4), at this time GuideOne
 
 is
 
 an "underinsured motorist insurer" and may participate in the lawsuit to the fullest extent allowed under that statute to the final decree.
 

 That a court on appellate review may later determine GuideOne is not an underinsured motorist insurer under the terms of its policy does not diminish GuideOne's ability to fully participate in the suit to the final decree. N.C. Gen.Stat. § 20-279.21(b)(4). Since GuideOne may participate in the action, it cannot demonstrate a "substantial right which would be lost absent immediate review" on this basis.
 
 Feltman,
 
 --- N.C.App. at ----,
 
 767 S.E.2d at 619
 
 .
 

 2. Duty to Defend
 

 GuideOne also argues a substantial right exists, requiring immediate appellate review, because the trial court's order is "analogous to a finding that GuideOne has a
 
 *367
 
 duty to defend the underlying action." We disagree.
 
 *245
 
 An underinsured motorist insurer "may elect,
 
 but may not be compelled,
 
 to appear in the action in its own name[.]" N.C. Gen.Stat. § 20-279.21(b)(4) (emphasis supplied). N.C. Gen.Stat. § 20-279.21(b)(4) " does not require that an underinsured motorist carrier be served with pleadings as a party, nor does it require that such carrier appear in the action."
 
 Darroch v. Lea,
 

 150 N.C.App. 156
 
 , 160,
 
 563 S.E.2d 219
 
 , 222 (2002) (citation omitted).
 

 GuideOne cites two decisions of this Court,
 
 Lambe Realty Inv., Inc. v. Allstate Ins. Co.,
 

 137 N.C.App. 1
 
 ,
 
 527 S.E.2d 328
 
 (2000) and
 
 Cinoman v. Univ. of N.C.,
 
 --- N.C.App. ----,
 
 764 S.E.2d 619
 
 (2014) to assert the trial court's ruling and present status of the case equates to a duty to defend. We disagree. Neither
 
 Lambe Realty
 
 nor
 
 Cinoman
 
 involved an underinsured motorist insurer nor the language of N.C. Gen.Stat. § 20-279.21(b)(4), which explicitly provides a UIM carrier may elect,
 
 but may not be compelled,
 
 to participate in the suit.
 
 Lambe Realty Inv.,
 

 137 N.C.App. at 3
 
 ,
 
 527 S.E.2d at 330
 
 (considering whether a potential tortfeasor in a declaratory judgment action was an insured under the terms of a commercial liability insurance policy);
 
 Cinoman,
 
 --- N.C.App. at ----,
 
 764 S.E.2d at 621
 
 (considering whether a potential tortfeasor in a medical malpractice suit was an insured under the terms of a liability insurance trust fund).
 

 The plain language of N.C. Gen.Stat. § 20-279.21(b)(4) states GuideOne is under no duty to be named or required to appear in this action. We cannot agree with GuideOne that its
 
 choice
 
 to enter the action is tantamount to a
 
 duty
 
 to defend an insured. GuideOne is free to participate, or decline to participate, in any and all portions of the proceedings in the trial court. GuideOne has failed to demonstrate a "substantial right which would be lost absent immediate review" on this assertion.
 
 Feltman,
 
 --- N.C.App. at ----,
 
 767 S.E.2d at 619
 
 .
 

 IV. Conclusion
 

 All parties agree that GuideOne's appeal from the trial court's 18 February 2015 order is interlocutory. GuideOne may participate fully in any proceedings to the final decree. The summary judgment order appealed from is not certified as immediately appealable by the trial court pursuant to Rule 54(b).
 

 N.C. Gen.Stat. § 20-279.21(b)(4) permits, but does not require, GuideOne to participate in the proceedings as an unnamed underinsured motorist carrier. GuideOne has not shown a substantial right exists, which would be lost absent immediate appellate review. GuideOne's
 
 *246
 
 appeal is dismissed without prejudice to any claims it may assert on appeal after final judgment is entered.
 

 DISMISSED.
 

 Judges CALABRIA and DAVIS concur.